UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
O'KEITH LEWIS, JR.,

                              Plaintiff,
                                                      ORDER
         -against-                                    11-CV-4242(JS)(ARL)

NASSAU COUNTY JAIL, ARMOR CORRECTIONAL
SERVICES, MR. COWAND, MCMUMMAN, Sergeant,
MR. GIARINO, MR. ACCORDING, MT. MCGOVERN,
Sergeant, MR. MANKAWASKI, PI NASSAU
COUNTY CORRECTIONAL SERVICES, INC.,

                              Defendants.
------------------------------------------X
APPEARANCES:
FOR Plaintiff:      O'Keith Lewis, Pro Se
                    28 James LL Burrell Avenue
                    Hempstead, NY 11550

For Defendants:     No Appearance.

SEYBERT, District Judge:

         Pending before the Court is the Complaint of incarcerated

pro se plaintiff O'Keith Lewis ("Plaintiff") pursuant to 42 U.S.C.

§ 1983 against the Nassau County Jail, Armor Correctional Services,

Mr. Cowand, Sergeant McMumman, Mr. Giarino, Mr. According, Sergeant

Mt. McGovern, Mr. Mankawaski, and PI Nassau County Correctional

Services, Inc. (collectively, "Defendants").   Accompanying the

Complaint  is  an  application  to  proceed  in  forma  pauperis.

Plaintiff's request for permission to proceed in forma pauperis is

GRANTED.   However, for the reasons that follow, the Complaint is

sua sponte dismissed as against Defendant Nassau County Jail with

prejudice.   The claims against the remaining Defendants are sua

sponte dismissed unless the **Plaintiff files an Amended Complaint as**

**set forth below within thirty (30) days from the date this Order is
served with notice of entry upon him.**

BACKGROUND

According to the brief handwritten Complaint, on August
4, 2011, Plaintiff, while handcuffed, was directed by an
unidentified corrections officer to remove his "du-rag" from his
head or else "we'll remove it our self." (Compl. at ¶ IV).
Plaintiff claims that he told the officer not to touch him and,
"out of no where [Plaintiff] was grab[bed] by [his] neck and told
to shut up with profanity." (Id.). Plaintiff alleges that several
unidentified officers and a corporal then arrived and Plaintiff was
repeatedly choked, dragged down the hall and thrown into a holding
cell. (Id.). Plaintiff complains that he was left in the holding
cell for several hours without a shirt or socks. As a result of
the alleged incident, Plaintiff claims to have suffered two black
eyes, a chipped tooth, "jaw freezing", and serious headaches.
(Id.). Plaintiff next alleges that, on August 10, 2011, while
housed in "B3-7 Cell" he "almost lost my whole front row of teeth,
can't swallow food." Plaintiff claims that his upper gums are sore
"from banging my face 6 times" and from "punching and ma[cing] me
over 5 times caus[ing] me to pass out." Plaintiff further alleges
that he was kept "in a box 24/7 so I couldn't seek treatment from
August 10, 2011 to August 26[, 2011]." (Id. at ¶ IV.A.). In
addition, Plaintiff claims that he was "phone restricted for

2

several days" so he couldn't call anyone and that the sink in the area where he was housed did not work and he became dehydrated from lack of water. (Id.).

As a result of the foregoing, Plaintiff claims, inter alia, that his "leg was scrap[ed] up", that he "couldn't sleep for 2 week[s] [be]cause of headache[s]", and that he suffers from stress and depression. Plaintiff seeks to recover $20 million in damages. (Id. at ¶V).

DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. §

1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III.  Section 1983

Section 1983 provides that

[e]very person who, under color of any
statute, ordinance, regulation, custom, or
usage, of any State . . . subjects, or causes
to be subjected, any citizen of the United
States . . . to the deprivation of any rights,
privileges, or immunities secured by the
Constitution and laws, shall be liable to the
party injured.

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law

4

and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson

5

v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

A.    Claims Against the Individual Defendants Cowand, McMumman, Giarino, According, McGovern and Mankawski

In order for a plaintiff to state a claim for relief under Section 1983, he must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010).

Here, Plaintiff does not allege any wrongful conduct by any of the individual Defendants. In fact, apart from the caption, none of the individual Defendants are again mentioned in the body of the Complaint. Given the absence of any allegations of personal involvement by any of the individual Defendants in the unconstitutional conduct alleged, Plaintiff's Section 1983 claims against these Defendants are not plausible and are dismissed with

prejudice unless **Plaintiff files an Amended Complaint alleging the personal involvement of those individuals in the alleged constitutional deprivation and identifying such individuals within thirty (30) days from the date this Order is served with notice of entry upon him.** If Plaintiff cannot identify the individuals personally involved in the constitutional deprivations within the time allowed in this Order, he may designate those Defendants as "John/Jane Doe, working at (<u>location</u>) on (<u>date</u>)" in the caption and in the body of the Amended Complaint and provide descriptive information of those individuals in the body of the Amended Complaint to allow for their subsequent identification.

      B.    <u>Claims Against the Nassau County Jail</u>

It is well-established that departments that are merely administrative arms of a municipality do not have an independent legal identity apart from the municipality and, therefore, cannot sue or be sued. See <u>Hawkins v. Nassau County Correctional Facility</u>, 781 F. Supp. 2d 107, 109 n. 1 (E.D.N.Y. 2011); <u>Carthew v. County of Suffolk</u>, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010). Since the Nassau County Jail is an administrative arm of Nassau County, without a legal identity separate and apart from the County, it lacks the capacity to be sued. Accordingly, Plaintiff's claims against the Nassau County Jail are dismissed in their entirety with prejudice.

C.   Claims Against Defendants Armor Correctional Services
     and PI Nassau County Correctional Services, Inc.

Apart from the caption, the Complaint does not again
mention either of these Defendants.  Accordingly, the Complaint
fails to provide sufficient notice to these Defendants of the
claims against them.  See Fed. R. Civ. P. 8.  Rule 8 of the Federal
Rules of Civil Procedure requires a pleading to contain a short,
plain statement of claim against each defendant named so that they
have adequate notice of the claims against them.  Iqbal, 129 S. Ct.
at 1949 (Rule 8 "demands more than an unadorned, the-defendant-
unlawfully-harmed-me accusation.").  Plaintiff must provide fair
notice such that the Defendants are able to "answer and prepare for
trial, allow the application of res judicata, and identify the
nature of the case so it may be assigned the proper form of trial."
Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).  Given the
absence of any allegations against these Defendants, the Complaint
is clearly insufficient.

However, because a district court should not dismiss a
pro se complaint "when a liberal reading of the complaint gives any
indication that a valid claim might be stated," Chavis v. Chappius,
618 F.3d 162, 170 (2d Cir. 2010), the claims against Defendants
Armor Correctional Services and PI Nassau County Correctional
Services, Inc., will be dismissed with prejudice unless the
**Plaintiff files an Amended Complaint within thirty (30) days of the
date that this Order is served with notice of entry upon him.**

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, but the Complaint is sua sponte dismissed as against the Nassau County Jail with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and is dismissed as against the remaining Defendants unless **Plaintiff files an Amended Complaint as set forth herein within thirty (30) days from the date this Order is served with notice of entry upon Plaintiff.** Furthermore, the Clerk must mail a copy of this Order to the Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:      February 14, 2012
            Central Islip, New York